## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

Civil Action No. 3:18-cv-01289

MATTHEW MALLORY,
CAMO HEMP WV LLC,
GARY KALE, GRASSY RUN
FARMS, LLC, their agents,
servants, assigns, attorneys, and all
others acting in concert with the
named defendants,

        Defendants.

### EX PARTE TEMPORARY RESTRAINING ORDER

Pursuant to Fed.R.Civ.P. 65(b), 21 U.S.C. §§ 843(f), 856(e), 882(a), and other applicable federal law, the United States of America ("United States") moved the court to enter an *ex parte* temporary restraining order against defendants Matthew Mallory, CAMO HEMP WV LLC, Gary Kale, Grassy Run Farms, LLC, and their agents, servants, assigns, attorneys, and all others acting in concert with the named defendants and/or on their behalf to restrain them from the following:

1.    Manufacturing, manufacturing with intent to distribute or distributing marijuana, a Schedule I controlled substance, or possessing marijuana with the intent to manufacture or distribute the substance in violation of 21 U.S.C. § 841(a)(1);

2.    Opening, maintaining, using, renting, leasing, managing, controlling, and/or utilizing land and/or facilities for the purpose of manufacturing, storing, possessing, distributing, or using marijuana or any controlled substance in violation of 21 U.S.C. § 856;

3.    From hereafter conspiring to violate the Controlled Substances Act ("CSA"), 21 U.S.C. § 801, *et seq*.

4.    From harvesting, destroying, or altering in any way the marijuana plants or the property located in Mason County, West Virginia, described in the complaint filed in this action.

5.    From destroying, altering, hiding, or spoiling any and all evidence, records, computer and digital information, and documents related to the marijuana plants, real property on which the plants have been grown, all equipment used to produce and manufacture those plants, and all marijuana seeds and other marijuana plant components related thereto which are the subject of this action.

After considering the Verified Complaint and all exhibits attached thereto and the arguments of counsel, the Court GRANTS the *ex parte* motion of the United States to enter a temporary restraining order.  The Court finds:

1.    The Court FINDS that the United States is likely to succeed on the merits, that the United States is likely to suffer irreparable harm in the absence of an *ex parte* temporary restraining order and preliminary injunctive relief, that the balance of equities tips in the favor of the United States, and that an *ex parte* temporary restraining order is in the public interest.

2.    The Court FINDS that the United States has established that an injury has occurred because the defendants have violated the Controlled Substances Act ("CSA"), 21 U.S.C. § 801, *et seq.*, by arranging for the transport of cannabis across state lines and engaging in the possession, manufacture, production, and possession of cannabis with the intent to distribute cannabis in violation of the CSA.

3.    The Court FINDS that imminent action without notice is required in order to preserve evidence and prevent further and ongoing violations of the CSA by the defendants that

could result in the further manufacture, production, and distribution of cannabis, a Schedule I controlled substance under the CSA.

4.     The Court FINDS that the balance of the equities tips in favor of the United States based on the public policy of Congress stated in the CSA of preventing the possession, manufacture, production and possession of cannabis with the intent to distribute cannabis.

5.     The Court FINDS that 21 U.S.C. §§ 843(f), 856(e), 882(a) authorize temporary, preliminary, and permanent injunctive relief and that the conditions for *ex parte* temporary restraining order have been met under those statutes, Fed.R.Civ.P. 65(b), and applicable federal law.

Therefore, the motion for an *ex parte* temporary restraining order of the United States is GRANTED without further notice to the defendants.

The Court further ORDERS that the defendants, their agents, servants, assigns, attorneys, and all others acting in concert with the defendants are temporarily restrained from:

1.     Manufacturing, manufacturing with intent to distribute or distributing marijuana, a Schedule I controlled substance, or possessing marijuana with the intent to manufacture or distribute the substance in violation of 21 U.S.C. § 841(a)(1);

2.     Opening,  maintaining, using, renting, leasing, managing, controlling, and/or utilizing land and/or facilities for the purpose of manufacturing, storing, possessing, distributing, or using marijuana or any controlled substance in violation of 21 U.S.C. § 856;

3.     From hereafter conspiring to violate the Controlled Substances Act ("CSA"), 21 U.S.C. § 801, *et seq.*

4.     From harvesting, destroying, or altering in any way the marijuana plants or the property located in Mason County, West Virginia, described in the complaint filed in this action.

5. From destroying, altering, hiding, or spoiling any and all evidence, records, computer and digital information, and documents related to the marijuana plants, real property on which the plants have been grown, all equipment used to produce and manufacture those plants, and all marijuana seeds and other marijuana plant components related thereto which are the subject of this action.

This *ex parte* temporary restraining order shall remain in effect for 14 days unless terminated earlier by the Court.

The Court further ORDERS that a preliminary injunction hearing will be held on the 17th day of _Sept._, 2018, at _10:00 a m_.

Counsel for the United States is directed to serve a copy of this Temporary Restraining Order on the defendants.

This *ex parte* temporary restraining order was entered on the _11th_ day of _Sept._, 2018, at _2:15 pm_.

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE