IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CIVIL ACTION NO. 3:18-1289

MATTHEW MALLORY,
CAMO HEMP WV LLC,
GARY KALE,
GRASSY RUN FARMS, LLC, their agents,
assigns, attorneys, and all other acting
in concert with the named defendants,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On September 11, 2018, the United States filed a Verified Complaint for Declaratory Relief (ECF No. 3) and a Motion for an Ex Parte Temporary Restraining Order and Motion for a Preliminary Injunction. ECF No. 1. On that same day, the Court **GRANTED** the Ex Parte Temporary Restraining Order, which, *inter alia*, prevented Defendants Matthew Mallory, CAMO Hemp WV LLC, Gary Kale, and Grassy Run Farms, LLC from harvesting certain marijuana plants and transporting cannabis across state lines. ECF No. 5. The marijuana plants at issue are being grown under an industrial hemp pilot program in West Virginia. However, the United States asserts that the manner in which the marijuana seeds were obtained and the intended sale of the product violates the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*

On this day, the Court held a hearing on whether a preliminary injunction should be issued. "A preliminary injunction is an extraordinary remedy never awarded as of right. In each

case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (internal quotation marks and citations omitted). In order to be awarded a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20 (citations omitted).

Upon consideration of the arguments and evidence submitted by the parties, the Court finds the pivotal issue in this case is a question of law, and the Court reserved ruling on that issue at the hearing. During discussions, the United States also narrowed the scope of its request for injunctive relief. The United States represented that it does not object to the harvesting, drying, and processing of the marijuana. However, it does seek a preliminary injunction preventing Defendants from transporting or selling the product after it is processed.

Defendants represented to the Court that the harvesting, drying, and milling process will take several weeks to complete. As this time period will give the Court the opportunity to consider and rule on the question of law that is central to the merits of the case with little harm to Defendants, the Court **CONVERTS** the Ex Parte Restraining Order into a Preliminary Injunction, with the **MODIFICATION** that Defendants may harvest, dry, and process the marijuana. Defendants may not transport or sell any portion of the marijuana after it is processed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 17, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE