## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT HUNTINGTON

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                               **Civil Action No. 3:18-CV-01289**

**MATTHEW MALLORY,**
**CAMO HEMP WV LLC,**
**GALE KALE, GRASSY RUN**
**FARMS, LLC, their agents,**
**servants, assigns, attorneys, and all**
**others acting in concert with the**
**named defendants,**

      **Defendants.**


## MEMORANDUM IN SUPPORT OF MATTHEW MALLORY'S AND CAMO HEMP WV LLC'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW, Defendant Matthew Mallory ("Mallory") and Defendant CAMO HEMP

WV, LLC ("CAMO")[1] (collectively "CAMO Defendants"), by and through counsel, and submit

the following in support of their Motion to Dismiss the Verified Complaint for Declaratory

Relief; Temporary, Preliminary, and Permanent Injunctive Relief; Asset Forfeiture; and Civil

Penalties ("Verified Complaint") filed by the United States of America ("Government").

### INTRODUCTION

Even taking all of the factual allegations within the Verified Complaint as true, the

Government fails to state a claim upon which relief can be granted. As demonstrated in the

---

[1] CAMO HEMP WV, LLC has never been formally created and therefore is not a proper party to this suit. Furthermore, the Research and Marketing Cultivation of Industrial Hemp License was issued to Mr. Mallory individually. (ECF No. 19-2 at 1.) In response to a request by the West Virginia Department of Agriculture to update his application, an existing limited liability company was added to the application. (ECF No. 25-1.)

briefs filed by the CAMO Defendants and the oral arguments before this Court, the Government's arguments fail as a matter of law.

## ARGUMENT[2]

### A.  Standard of Review

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).   To survive a motion to dismiss for failure to state a claim, Plaintiffs must plead sufficient facts to state a claim for relief that is "plausible on its face."    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   This standard "asks for more than a sheer possibility that a defendant has acted unlawfully."   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   Rather, Plaintiffs must provide allegations that "raise a right to relief above the speculative level," and must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555.    The Court need not "accept [as true] the legal conclusions drawn from the facts" in a complaint, or "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *Giarratano*, 521 F.3d at 303.

The Government's entire case is based upon legal conclusions that are inaccurate and unfounded; thus, the Verified Complaint should be dismissed.

### B.  The Government fails to state a claim upon which relief can be granted.

The legal issues at play in this Motion to Dismiss are identical to the ones articulated by the CAMO Defendants in their Motion to Dissolve Ex Parte Temporary Restraining Order and In Opposition to Preliminary Injunction (ECF No. 16), Memorandum in Support of Motion to Dissolve Ex Parte Temporary Restraining Order and In Opposition to Preliminary Injunction

---

[2] CAMO Defendants note errors in the process of service on Defendant Mallory and Defendant CAMO HEMP WV LLC.  Defendant Mallory, a Pennsylvania individual, was purportedly served via the West Virginia Secretary of State, a form of service not recognized for an individual.  *See* Fed. R. Civ. P. 4; W. Va. R. Civ. P. 4.  CAMO HEMP WV LLC does not exist and therefore cannot be served.  CAMO Defendants raise, so as to not waive, the defense of insufficiency of service of process.  Fed. R. Civ. P. 12(b)(5).

(ECF No. 17), and Reply to Memorandum in Opposition to Motion of Defendants Matthew Mallory and CAMO HEMP WV LLC to Dissolve Ex Parte Temporary Restraining Order and In Opposition to Preliminary Injunction (ECF No. 25).  The legal arguments were also fully explored at the September 17, 2018, preliminary injunction hearing.

Rather than inundate the Court with duplicative arguments, CAMO Defendants hereby incorporate by reference the arguments made in their previous filings (ECF Nos. 16, 17, and 25) and in the oral arguments at the September 17, 2018 hearing.

The same legal arguments that preclude the Government's request for a preliminary injunction, in fact, also preclude the Government's entire case against the CAMO Defendants. Therefore, the Government fails to state a claim upon which relief may be granted and dismissal of the Verified Complaint is appropriate.

## CONCLUSION

For these reasons, and the reasons incorporated by reference, the CAMO Defendants request that Verified Complaint against them be dismissed and any other relief this Court deem appropriate.

Respectfully submitted,

/s/ Carte P. Goodwin
Carte P. Goodwin (WVSB #8039)
Elise McQuain (WVSB #12253)
FROST BROWN TODD LLC
500 Virginia Street, East
Suite 1100
Charleston, WV  25301
Phone: 304-345-0111 | Fax: 304-345-0115
Email: cgoodwin@fbtlaw.com
         emcquain@fbtlaw.com

Philip A. Reale, II (WVSB #11372)
Law Office of Philip A. Reale, PLLC
300 Summers Street, Suite 980

Charleston, WV 25301
Phone: 304-342-1891
Fax: 304-342-1893
Email: philip@wvreale.com

4