IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

UNITED STATES OF AMERICA,

   Plaintiff,

vs.                 Civil Action No. 3:18-cv-01289

MATTHEW MALLORY,
CAMO HEMP WV LLC,
GARY KALE, GRASSY RUN
FARMS, LLC, their agents,
servants, assigns, attorneys, and all
others acting in concert with the
named defendants,

   Defendants.

**MEMORANDUM IN OPPOSITION OF THE UNITED STATES
TO DEFENDANTS MATTHEW MALLORY'S AND CAMO HEMP WV LLC'S
<u>MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT</u>**

**I. THE UNITED STATES HAS STATED A CLAIM UPON WHICH
RELIEF CAN BE GRANTED UNDER FEDERAL LAW**

  The United States has demonstrated that it has stated a claim upon which relief can be granted under federal law. Quite simply, defendants Matthew Mallory ("Mallory") and CAMO Hemp WV LLC ("CAMO") had no authority under federal law to acquire and transport cannabis sativa L. seeds ("seeds") across state lines to be used to grow industrial hemp purportedly under the pilot project program created by the West Virginia Department of Agriculture ("WVDA") under 7 U.S.C. § 5940. Defendants Mallory and CAMO have admitted that they purchased the seeds from a Kentucky company and had the seeds transported across state lines to West Virginia for cultivation in Mason County, West Virginia, despite the statement in their pilot project description to the WVDA that the seeds would be purchased through the WVDA.

As those seeds are a Schedule I controlled substance under the CSA, the seeds had to be acquired by or through an entity properly registered and authorized by the DEA and then only in the manner and to the extent permitted by the applicable DEA registration. See 21 U.S.C. §§ 822–23 of the Controlled Substances Act ("CSA"). See also United States v. Alerre, 430 F.3d 681, 689-90 (4th Cir. 2005) (can only act to the extent permitted by the DEA registration). Mallory and CAMO have not produced any evidence that they possessed a DEA registration to acquire those seeds. In addition, they have admitted (1) that they did not acquire the seeds through the WVDA and (2) that the WVDA's DEA registration was limited to the acquisition of cannabis sativa L. seeds by importing such seeds from foreign countries for its pilot project members.

As pointed out in the prior pleadings of the United States, which are incorporated herein by reference, this conduct by defendants Mallory and CAMO is a clear violation of the CSA. The United States has authority under the CSA to initiate a civil action to enjoin such conduct, to require forfeiture of the crops grown from that seed, to collect a civil penalty for that illegal conduct under the CSA, to require forfeiture of any contracts related to the growing of the industrial hemp crops, and to require forfeiture of the land on which the seed was grown. See 18 U.S.C. § 981, *et seq.*; 21 U.S.C. § 801, *et seq.*; ECF Nos. 1, 2, 3 (and all exhibits attached thereto), 19-1, 19-2, 19-3, 19-4, 19-5, 19-6, 19-7, 19-8, 19-9, 19-10, 19-11, 24. Moreover, defendants Mallory and CAMO even acknowledged in a document attached to an email sent to their contract grower on April 3, 2018, that under federal law "Industrial hemp plants and seed may not be transported across state lines." ECF No. 19-6 at p. 8. Thus, defendants Mallory and CAMO knew well in advance that their conduct violated federal law, and, yet, they intentionally

violated the law by illegally acquiring and transporting the seeds across state lines in violation of the CSA.

While defendants Mallory and CAMO rely on a statement contained in a letter from the WVDA to the United States Attorney's Office for the Southern District of West Virginia that the WVDA does not intend to revoke defendant Mallory and CAMO's license under the WVDA pilot project program, the WVDA acknowledges in that letter to the United States Attorney's Office that the license/permit to grow industrial hemp issued to defendant Mallory "***does not in any way authorize him to violate federal law.***" ECF No. 19-2 at p. 2 (emphasis added).  The WVDA also acknowledged in that same letter: "***If your office remains convinced that the transport of seed across state lines is illegal, then nothing in our state statute would purport to shield Mr. Mallory from prosecution by your office.***"  Id. (emphasis added).  Thus, even the WVDA acknowledges (1) that the WVDA has no jurisdiction or authority to address the issues involved in this case as they are matters of federal law, not state law, and (2) the fact that defendants Mallory and CAMO's license/permit has not been revoked does not shield them from criminal or civil liability under federal law.  Id.

The DEA is the regulating authority over these issues and not a state agency, such as the WVDA.  Any comment or statement by a state agency in conflict with federal law fails under the CSA and the Supremacy Claus of the Constitution.  See Gonzales v. Raich, 545 U.S. 1, 29 (2005) ("Second, limiting the activity to marijuana possession and cultivation 'in accordance with state law' cannot serve to place respondents' activities beyond congressional reach.  The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail."); United States v. Oakland Cannabis Buyers' Cooperative, 532 U.S. 483, 490-91 (2001) (since there was no medical exception under the CSA for marijuana and

cooperative did not qualify under the research project exception, cooperative was subject to CSA prohibition against possession and distribution of marijuana); United States v. Moore, 423 U.S. 122, 131-32 (1975) (an authorized DEA registration is required to acquire controlled substances regulated by the CSA and the manner and extent of being able to acquire the controlled substances is limited by that authorized DEA registration); ECF Nos. 2, 3, 24.  As a result, even purported compliance with state law in this case by defendants Mallory and CAMO does not provide a legal basis to support their motion to dismiss the verified complaint of the United States.

Thus, there is no merit to defendants Mallory's and CAMO's motion to dismiss the verified complaint.  The United States has presented valid claims for which relief can be granted under the CSA and federal law to pursue this civil action against the defendants in this case.  These defendants purchased seeds for a Schedule I controlled substance across state lines without a DEA registration and then used the seeds to grow industrial hemp.  These actions are a clear violation of the CSA and federal law.  Since defendants Mallory's and CAMO's actions violated the CSA, the United States is entitled to injunctive relief and other civil remedies, including, but not limited to, forfeiture of the industrial hemp crop, the imposition of a civil monetary penalty, and the forfeiture of other funds and property.[1]  See ECF Nos. 2, 3, 24.  As even the WVDA has admitted, the fact that their license with the WVDA to grow industrial

---

[1] It should be noted that this Court has previously convicted numerous criminal defendants for violations of the CSA for possessing, distributing, and growing marijuana without a DEA registration.  In one example, this Court convicted a defendant for violating the CSA when evidence was presented that the defendant had purchased marijuana seeds over the internet and across state lines, planted the seeds, and then attempted to cultivate the seeds without a valid DEA registration.  The United States contended that this evidence demonstrated an intent to violate the CSA.  This Court agreed, and the conviction was affirmed on appeal by the Fourth Circuit.  See United States v. Hemetek, 2010 WL 3377327 (4th Cir. Aug. 20, 2010). As pointed out in the briefs filed by the United States in this case, which are incorporated herein by reference, it is a violation of federal law to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a Schedule I controlled substance without a DEA registration.  See 21 U.S.C. §§ 822, 823, 841(a); ECF Nos. 2, 3, 24.

hemp under the pilot project program has not been revoked does not shield them from federal liability nor does that fact preclude the United States from pursing a claim for a violation of the CSA. ECF No. 19-2. Accordingly, the United States requests that the motion to dismiss the verified complaint filed by defendants Mallory and CAMO be denied, and that the United States be granted the relief requested in its verified complaint and various pleadings previously filed in this case.

## II. DEFENDANTS MALLORY AND CAMO WERE PROPERLY SERVED UNDER FED.R.CIV.P. 4 AND W.VA. CODE § 56-3-33

Under Fed.R.Civ.P. 4, individual defendants and companies, such as limited liability companies, may be served with summonses and complaints by a variety of methods. Under Fed.R.Civ.P. 4(e), an individual may be served by delivering a copy to them personally, leaving a copy at their abode with someone of suitable age, or by delivering a copy to an agent authorized by law to receive service of process. See Fed.R.Civ.P. 4(e)(2). In addition, individual defendants may be served by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made…." Fed.R.Civ.P. 4(e)(1). Corporations, partnerships, and associations, such as limited liability companies, can be served in the same manner as permitted under Fed.R.Civ.P. 4(e)(1) or by delivering a copy of the summons and complaint on a managing or general agent or other agent authorized by appointment or law to receive service of process and by mail. See Fed.R.Civ.P. 4(h).

In this case, Fed.R.Civ.P. 4(e)(1) and Fed.R.Civ.P. 4(h) allow an individual nonresident defendant, such as defendant Mallory, and a nonresident limited liability company, such as CAMO, to be served by the West Virginia long-arm statute for jurisdiction and service of process or by any other state statute specifying permissible methods of service or process. The

5

West Virginia long-arm statute for jurisdiction and service of process, W.Va. Code § 56-3-33, allows nonresidents of the State of West Virginia who transact business in the State of West Virginia to be served through the Secretary of State of West Virginia by registered or certified mail. W.Va. Code §56-3-33(a)(1), (c). The West Virginia statutes relating to limited liability companies also allow for service of process in the same manner upon on nonresident limited liability companies. See W.Va. Code § 31B-1-111 (the Secretary of State of West Virginia is also the statutory agent for service of process for nonresident limited liability companies (LLCs) without a designated agent for receipt of service of process in West Virginia and transmission of the service of process is achieved by the Secretary of State transmitting the documents to the nonresident agent for service of process for the limited liability company or, if none, to the nonresident limited liability company by registered or certified mail or electronically to the nonresident agent's address or to the nonresident limited liability company's last known address). Both Mallory and CAMO transacted business in West Virginia by availing themselves of the privileges of this state (applying for and acquiring a license/permit from the WVDA to grow industrial hemp under the WVDA pilot project program, by entering into a contract with defendants Gary Kale and Grassy Run Farms, LLC, to grow industrial hemp, and having hemp seed delivered into West Virginia for the purpose of growing and cultivating the seed into industrial hemp in the State of West Virginia). The West Virginia Secretary of State served defendants Mallory and CAMO by certified mail transmitted to their addresses listed on the forms submitted by defendant Mallory to the WVDA. See ECF Nos. 12, 13. This method of service complied with W.Va. Code §§ 31B-1-111 and 56-3-33 and Fed.R.Civ.P. 4(e), (h) and is valid under federal law. See FDIC v. Schaeffer, 731 F.2d 1134 (4th Cir. 1984).

Moreover, defendants Mallory and CAMO were notified of the proceedings by telephone, generally appeared with counsel before this Court, and have actively engaged in defending against the verified complaint served by the United States. They can hardly complain of lack of notice at this stage of the proceedings and have waived the right to do so. All notice and due process requirements have been met, and defendants Mallory and CAMO have been properly served as required by the Federal Rules of Civil Procedure and federal law.[2] There is no basis for their claim that service of process was inadequate under federal law.

### III. CONCLUSION

For the foregoing reasons and the reasons expressed by the United States in its verified complaint, its pleadings previously filed in this action, and in the arguments presented before the Court at the preliminary injunction hearing, the motion to dismiss the verified complaint of the United States should be denied. The United States has presented a valid claim upon which relief can be granted under federal law and has supported that claim with appropriate and admissible evidence.

---

[2] The argument that CAMO HEMP WV LLC was never formally created and is not a proper party before this Court is somewhat disingenuous since that entity was listed by defendant Mallory on the original and amended applications for a license in the WVDA industrial hemp pilot project program. See ECF Nos. 19-4, 19-13. Defendant Mallory has now listed Commonwealth Alternative Medicinal Options LLC on the second amended application for a license/permit under that program as his business for the industrial hemp pilot program project. See ECF No. 25-1. This amendment to the application would suggest, at a minimum, that entity has succeeded to any rights CAMO HEMP WV LLC may have had under the WVDA industrial hemp pilot project program. Accordingly, Commonwealth Alternative Medicinal Options LLC needs to be substituted for CAMO HEMP WV LLC as a defendant in this civil action, and the United States will file an appropriate motion requesting substitution of parties under Fed.R.Civ.P. 25 since Commonwealth Alternative Medicinal Options LLC is now a real party in interest under Fed.R.Cvi.P. 17(a).

Respectfully submitted,

**MICHAEL B. STUART**
**United States Attorney**


**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Fred B. Westfall, Jr., Assistant United States Attorney for the Southern District of West Virginia, hereby certify that on October 12, 2018, I electronically filed the foregoing **MEMORANDUM IN OPPOSITION OF THE UNITED STATES TO DEFENDANTS MATTHEW MALLORY'S AND CAMO HEMP WV LLC'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Carte B. Goodwin
Elise McQuain
Frost Brown Todd, LLC
500 Virginia Street East,
Suite 1100
Charleston, WV 25301

Phillip A. Reale, II
Law Office of Phillip A. Reale, PLLC
300 Summers Street
Suite 980
Charleston, WV 25301
Counsel for defendants Matthew Mallory and CAMO HEMP WV LLC

R. Booth Goodwin II
Tammy J. Owen
Goodwin & Goodwin, LLP
300 Summers Street
Suite 1500
Charleston, WV 25301
Counsel for defendants Gary Kale and Grassy Run Farms, LLC

                                            **s/Fred B. Westfall, Jr.**
                                            WV State Bar No. 3992
                                            Assistant United States Attorney
                                            P.O. Box 1713, Charleston, WV  25326
                                            Phone: 304-345-2200
                                            Fax: 304-347-5443
                                            E-mail: fred.westfall@usdoj.gov