IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.           CIVIL ACTION NO.   3:18-1289

MATTHEW MALLORY,
ALTERNATIVE MEDICINAL OPTIONS LLC,
GARY KALE,
GRASSY RUN FARMS, LLC, their agents,
assigns, attorneys, and all other acting
in concert with the named defendants,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On Thursday, January 17, 2019, this Court entered a Memorandum Opinion and Order (ECF No. 60), granting Defendants Matthew Mallory (Mr. Mallory) and Commonwealth Alternative Medicinal Options, LLC's (collectively the "CAMO Defendants'") Motion for Relief from the General Order staying civil actions in which the United States is a party. In the Memorandum Opinion and Order, the Court lifted the stay and dissolved the Preliminary Injunction previously entered in this case. The Court further stated that Defendants could immediately transport the product to a facility in Pennsylvania to be processed and sold. At the end of that same business day, the United States filed its current Motion to Stay the Memorandum Opinion and Order. ECF No. 61.

On Friday, January 18, 2019, the Court entered an Order granting the United States' motion, and the Court stayed dissolution of the Preliminary Injunction until today, Wednesday,

January 23, 2019. In the meantime, the Court directed an expedited briefing schedule of the issues. With briefing now complete, the Court finds in favor of Defendants.

In its motion, the United States argues the Court should stay dissolution of the Preliminary Injunction for two reasons. First, the United States asserts the product needs to be tested to determine if it actually is "industrial hemp."[1] Second, the United States asks for time to determine if it will appeal the Court's decision to dissolve the Preliminary Injunction.

In their Opposition to the motion, the CAMO Defendants contend that it is the first time the United States has ever asserted that the product may exceed the THC level to be classified as hemp. The CAMO Defendants insist the United States has no foundation for this claim and it has not premised any of the relief it previously has requested on this new allegation. Moreover, the CAMO Defendants argue oversight for testing falls within the jurisdiction of West Virginia's Commissioner of Agriculture, not the United States. *See* 7 U.S.C. § 5940; W. Va. C.S.R. § 61-29-1 *et seq.* (Section 1.1 of § 61-29-1 providing that "[t]his rule establishes requirements for the licensing, cultivating, testing, supervision, production, processing and sale of industrial hemp in West Virginia through the issuance of Research and Marketing Cultivation Program Licenses as designated in Section 7606 of the Agricultural Farm Act of 2014 (the Farm Bill)").

---

[1] To be classified as "industrial hemp," it must have a THC level that is not more than 0.3%. 7 U.S.C. § 5940(b)(2) ("The term "industrial hemp" means the plant Cannabis sativa L. and any part of such plant, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.").

In its Reply, the United States argues that, as hemp is defined by federal law, the controlling question arises under federal law, not state law. Moreover, the United States insists it was the CAMO Defendants' obligation to have the crop tested before any of it could be used. *See West Virginia Dep't of Agric. Review Process Review*, United States' Ex. 7 of Prelim. Inj. Hr'g, at 2, ECF No. 19-7 (providing that "the applicant is responsible for notifying the WVDA 30 days before the projected harvest date. The WVDA will arrange to visit and collect sample/s to verify the THC content is below 0.3%"); *Attach. to Mot. to Dissolve Ex Parte TRO and in Opp'n to Prelim. Inj.*, at 3 (same); ECF No. 16-1. Despite this obligation, the United States asserts the crop at issue here was not tested as required. Moreover, as the crop was transported to Pennsylvania during the time the stay was dissolved and the new stay was issued, the West Virginia Department of Agriculture no longer can perform the testing. Therefore, the United States seeks to conduct that testing, which it claims can be done in an expeditious fashion. While the testing is done, the United States seeks an order that the crop not be further processed, sold, or distributed until the test results are returned and reviewed by the Court.[2]

Upon consideration, the Court finds that, since this action was filed in September, the United States has never directly challenged the THC level in the plants until now. Additionally, the United States has not complained that Defendants failed to have the crop tested, nor has it sought to test the product to ensure it meets the statutory definition of "industrial hemp." If the

---

[2]In support of its position, the United States also points to a newspaper article in which counsel for Mr. Mallory purportedly said that his client had no problem with testing the crop. *See* Jake Zuckerman, *Judge 'increasingly doubtful' of feds' lawsuit against hemp farm*, West Virginia Gazettemail, Jan. 18, 2019, https://wvgazettemail.com/news/cops_and_courts/judge-increasingly-doubtful-of-feds-lawsuit-against-hemp-farm/article_bcd67986-b095-56c8-b737-214ee2da92db.html, Ex. A to Reply Mem. in Supp. of the Mot. of the U.S. to Stay Order Entered on Jan. 17, 2019, ECF No. 66-1.

United States truly believed the product exceeded the THC limits, it could have moved the Court to require testing long before now. Instead, the United States waited until the CAMO Defendants will face certain harm by continuing the injunction before it requested the testing. Given these circumstances, the Court is not persuaded by the United States' argument that the Preliminary Injunction should continue past today.[3]

As for the United States' argument that it wanted some time to consider whether or not to appeal this Court's decision, the United States now has had nearly a week to contemplate its options. In fact, the United States makes no arguments in its Reply that more time is needed. Therefore, the Court will not extend the Preliminary Injunction on this basis.

Accordingly, for the foregoing reasons, the Court **DENIES** the United States' request to extend the stay and allows the current stay to expire at the end of the day as provided by the Order entered on January 18, 2019.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 23, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3] Despite the dissolution of the Preliminary Injunction, if the United States continues to want to test the product, it may file an appropriate motion for such testing to occur.