# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              CIVIL ACTION NO.  3:18-1289

MATTHEW MALLORY,
ALTERNATIVE MEDICINAL OPTIONS LLC,
GARY KALE,
GRASSY RUN FARMS, LLC, their agents,
assigns, attorneys, and all other acting
in concert with the named defendants,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States' Motion to Test Cannabis ("Hemp") Crop of the Mallory Defendants Involved in this Case. ECF No. 68. In its motion, the Government seeks to test the "hemp" to ensure it does not exceed 0.3% THC.[1] At the time the motion was filed, the Government apparently had no information that the West Virginia Department of Agriculture (WVDA) had ever sampled or tested the hemp as required by law. Therefore, the United States requested it be able to test the hemp to ensure compliance.

---

[1] Pursuant to 7 U.S.C. § 5940, "industrial hemp" was defined as "the plant Cannabis sativa L. and any part of such plant, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis." Hemp is now defined as "the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis." Agriculture Improvement Act of 2018, PL 115-334, December 20, 2018, 132 Stat 4490.

In their Response, Defendants Matthew Mallory and Commonwealth Alternative Medicinal Options, LLC (collectively the "CAMO Defendants") state they provided timely notice to the WVDA that they intended to harvest the crop, and the WVDA took samples on August 29, 2018. However, the equipment the WVDA used to test the product was not functional so the samples were not immediately tested. No doubt because of this action, the WVDA finally performed the testing on or about January 23, 2019, and found a THC level of 0.065%--well below the legal limit. Therefore, the Mallory Defendants argue the United States' motion should be denied.

In its Reply, the United States argues it nevertheless should still be permitted to test the crop. In sum, the United States generally claims it does not trust the WVDA's results because of the lapse of time between collecting the sample and the testing, not knowing how and under what conditions the sample was taken, not knowing the chain of custody of the sample or the credentials of the person who performed the testing, and not knowing if the machine that performed the testing was properly calibrated. Therefore, the United States asserts the Court should allow it to collect samples and perform testing to verify the result to its satisfaction.

However, the Court finds that, until now, the United States had not alleged that the THC level fell beyond the legal limit, and this new argument is outside the scope of its Complaint. Additionally, the Court finds the United States' arguments that the product may exceed the legal limit for hemp are based upon pure speculation and conjecture. The testing that was performed shows a level well below the legal limit, and there is no evidence to suggest that testing by the United States will show it exceeds the limit. Although the United States would have liked to have

received additional information from the WVDA about the sampling and testing, the Court is not persuaded to order testing on this basis. Moreover, Congress delegated responsibility for hemp pilot programs to the State departments of agriculture, in this case the WVDA. *See* 7 U.S.C. § 5940;[2] *see also* W. Va. Code § 19-12E-1 *et seq.* (the "Industrial Hemp Act"); W. Va. C.S.R. § 61-29-1 *et. seq.* (implementing regulations). The WVDA performed the testing, and it established the product is hemp. *See* W. Va. C.S.R. § 61-29-5 (setting forth West Virginia's testing requirements). Accordingly, for the foregoing reasons, the Court **DENIES** the United States' motion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 4, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] Institutions of higher education also may adopt hemp pilot programs. *Id*.